**WILLKIE FARR & GALLAGHER** LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

August 26, 2022

**VIA ECF**

The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re: United States v. Thomas Barrack, et al., 1:21-cr-371 (BMC) (S-1)**

Dear Judge Cogan:

We represent Thomas J. Barrack, Jr. in the above-referenced case. We respectfully submit this letter on behalf of Mr. Barrack and his co-defendant, Matthew Grimes, concerning the empanelment of the jury in this case. In addition to the jurors identified in the government's letter whom the parties agree can be struck for cause, Messrs. Barrack and Grimes respectfully submit that there are additional jurors who the Court does not need to bring in for *voir dire* based on their responses to the juror questionnaire. All of these jurors indicated on their questionnaire: (1) an inability to sufficiently comprehend or speak English; (2) a disqualifying level of bias towards former President Trump and/or individuals associated with him; (3) an inability to accept fundamental principles of law such as the presumption of innocence; or (4) significant hardship. There is no reason to extend what will already be a lengthy *voir dire* process by requiring such jurors to report for further questioning.

First, defendants submit that the Court should not call back jurors whose questionnaires plainly indicated that they have difficulty understanding written or spoken English in response to question 10. This is a case involving complex issues of intent and the parsing of numerous written and oral communications – any juror who cannot understand English will be incapable of serving in a fair trial. The jurors who should not be asked to report for this reason are jurors 60, 61, 64, 91, 195, 245, 279, 313 (also indicated hardship), 319, 345, and 358. If the Court believes that follow up is necessary for these jurors, the defense would respectfully request that the Court consider a way of inquiring of these jurors understanding of English in their native language during *voir dire*.

Second, defendants submit that the Court should not expend additional time and resources questioning jurors whose questionnaires plainly evidence a disqualifying level of bias towards former President Trump and/or individuals associated with him. Many jurors explicitly admitted on their questionnaire that they cannot be fair or impartial regarding persons associated with the Trump administration in response to Question 76, or indicated in response to Question 57 that Donald Trump is the one publicly known person who they least admire, for reasons including that "he's a crook" or that he is "divisive, ignorant, racist, misogynistic, and dislikable in every way."

Former President Trump is not simply a background player in this trial – he is a key figure in nearly every aspect of this trial and indeed he and former members of his Administration cannot be ruled out as potential witnesses depending on the nature of the Government's case. The jurors who should not be asked to report for this reason are jurors 15, 44, 50, 77, 103, 114, 116, 119, 126, 137 (also indicated hardship and health issues), 149, 157, 186, 213, 240, 253, 263, 278 (also indicated hardship), 282, 290, 299 (also indicated bias against KSA because "the Crown Prince killed a journalist" on question 94), 323, 329, 347 (also indicated cannot be fair and impartial regarding the Middle East on question 75), 364 (also indicated hardship), 373, 383 (also indicated inability to accept law) and 406 (also indicated knowledge of registration requirements on question 85).

Third, defendants submit that the Court should not call back jurors 176 and 383, both of whom indicated in response to question 97 that they will not accept the rule of law that a defendant is innocent until proven guilty and cannot be found guilty until the jury has unanimously decided the government has met its burden of proof. Juror 176 also indicated that he will not accept the rule of law that an indictment is not evidence in response to question 98.

Finally, defendants submit that the Court should not call back jurors whose questionnaire plainly indicates significant personal or financial hardship in response to questions 78 or 119-125, such as that they will not be paid for jury service. The jurors who should not be asked to report for this reason are jurors 137, 243, 278, 313, and 364.

We are aware that there are several additional jurors whom the government believes should be stricken for cause. If the Court were to exclude both the jurors indicated above, as well as the additional jurors the government has expressed to us should be stricken, there would still be 110 jurors available to report for *voir dire*. Given this, the Court should not unnecessarily extend jury selection and should strike the jurors listed above.

Additionally, we understand that the Court will ask potential jurors to stand and provide information about themselves and answer other general questions. In addition to those questions that the Court asks as part of its typical practice, Defendants propose the Court ask the supplemental general *voir dire* questions attached as **Exhibit 1**.

Following those general questions, we suggest follow up with specific questions for each remaining juror, as needed, as indicated in **Exhibit 2**.

We are available at any time if the Court has additional questions.

Respectfully submitted,

| WILLKIE FARR & GALLAGHER LLP | WINSTON & STRAWN LLP |
|---|---|
| /s/ Michael S. Schachter | /s/ *Abbe David Lowell* |
| Michael S. Schachter | Abbe David Lowell |
| Randall W. Jackson | Christopher D. Man |
| Steven J. Ballew | Sofia R. Arguello |
| | Johanna Rae Hudgens |
| O'MELVENY & MYERS LLP | |
| | *Counsel for Defendant* |
| Daniel M. Petrocelli | *Matthew Grimes* |
| James A. Bowman | |
| | |
| *Counsel for Defendant* | |
| *Thomas J. Barrack*, *Jr.* | |

Cc (via ECF): Hiral D. Mehta
Nathan Daniel Reilly
Ryan C. Harris
Samuel P. Nitze
Craig R. Heeren
Matthew John McKenzie