# EXHIBIT C



U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

NR
F. #2018R01309

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

March 19, 2019

By E-mail

Matthew Herrington, Esq.
Steptoe and Johnson LLP
1330 Connecticut Avenue, NW
Washington, D.C. 20036

      Re:    Document Request to Colony Capital, Inc.

Dear Mr. Herrington:

      We write to request information from Colony Capital, Inc. ("Colony") as described below. This letter seeking the voluntary disclosure of information is submitted in lieu of serving a grand jury subpoena on Colony. As such, it is our understanding that, effective immediately, Colony has assumed the obligation to preserve all records and information that are potentially responsive to this request as if made pursuant to a subpoena. If this understanding is mistaken we request to be notified in writing no later than Friday, March 22, 2019.

      Please do not hesitate to contact us with any questions or concerns regarding the requests contained herein.

      Very truly yours,

      RICHARD P. DONOGHUE
      United States Attorney

By:      /s/

Nathan Reilly
Ryan C. Harris
Assistant U.S. Attorneys
(718) 254-6196/6489

RIDER

Instructions

1. In complying with this request, you are agree to produce all responsive documents that are in your possession, custody, or control, whether held by you or your past or present agent, employee or representative acting on your behalf. You are also agreeing to produce documents that you have a legal right to obtain, that you have a right to copy, or to which you have access, as well as documents that you have placed in the temporary possession, custody or control of any third party.

2. No documents called for by this request shall be destroyed, modified, removed, transferred, or otherwise made inaccessible to the grand jury. If you have knowledge that any requested document has been destroyed, discarded or lost, identify the requested document and provide an explanation of the destruction, discarding, loss, or disposal, and the date at which the document was destroyed, discarded, or lost.

3. This request is continuing in nature. Any document not produced because it has not been located or discovered by the return date shall be provided immediately upon location or discovery subsequent thereto with an explanation of why it was not located or discovered until the return date.

4. If you believe any responsive documents are protected by a privilege, please provide a privilege log which (1) identifies any and all responsive documents to which the privilege is asserted, (2) sets forth the date, type, addressee(s), author(s), general subject matter, and indicated or known circulation of the document, and (3) states the privilege asserted in sufficient detail to ascertain the validity of the claim of privilege.

5. Production with respect to each document shall include all electronic versions and data files from email applications, as well as from word processing, spreadsheet, database, or other electronic data repositories applicable to any attachments, and shall be provided to the grand jury where possible in its native file format and shall include all original metadata for each electronic documents or data file.

Definitions

1. The term "document" means all materials, whether drafts or unfinished versions, originals or nonconforming copies thereof, however created, produced or stored (manually, mechanically, electronically or otherwise), and by whomever prepared, produced, sent, dated or received, including but not limited to books, papers, files, notes, minutes, summaries, analyses, electronic mail ("email"), correspondence, memoranda, written communications, work papers, ledger sheets, confirmations, invoices, account statements, reports, wires, telegrams, telexes, telephone logs, notes or records of conversations or meetings, contracts, agreements, calendars, date books, work sheets, invoices, bills, records of payment, magnetic tape, video recordings, audio recordings, disks, diskettes, and other electronic media, microfilm, microfiche, storage devices, appointment books, diaries, notices and message slips, and records of any kind.

2. The terms "related" and "relating" with respect to any given subject mean anything that constitutes, contains, embodies, reflects, identifies, concerns, states, refers to, deals with, or is in any manner whatsoever pertinent to the subject.

3. The terms "including" and "includes" are not intended to exclude other types of documents that are nevertheless responsive but not specifically identified.

4. The term "Colony" refers to Colony Capital, Inc. and any predecessors in interest thereto, as well as any subsidiary, limited liability company, limited liability partnership, partnership or other special purpose entity owned in whole or in part or otherwise controlled by Colony.

Documents Requested

For the period of January 1, 2013 up to the present, please provide:

1. Documents sufficient to identify any and all of Colony's investments, business partnerships, ownership interests, business associations and other business dealings with any investment vehicle or fund owned, in part or in whole, or controlled by the United Arab Emirates or the Kingdom of Saudi Arabia or any entity, owned in whole or in part, or controlled by the United Arab Emirates or the Kingdom of Saudi Arabia, including, but not limited to: (i) the Abu Dhabi Investment Authority; (ii) the Abu Dhabi Investment Council; (iii) the Emirates Investment Authority; (iv) the Investment Corporation of Dubai; (v) the Mubadala Investment Company; (vi) Sharjah Asset Management; (vii) the Ras Al Khaimah Investment Authority; (viii) the Public Investment Fund; and (ix) the Saudi Arabian Monetary Authority;

3

2. All documents and other information relating to the employment, consultancy or compensation of Rashid al-Malik by or with Colony, including but not limited to:

    a. Any contract or written agreement relating to Rashid al-Malik's employment, consultancy or compensation;

    b. Any document relating to the compensation of Rashid al-Malik, including documents related to payroll information, bank deposits or wire transfers; invoices, or other disbursements for or on behalf of Rashid al-Malik;

3. Documents sufficient to identify any and all individuals responsible for implementing and/or monitoring compliance policies and procedures at Colony;

4. Any and all materials including, but not limited to, policy handbooks, training documents, presentations, attendance sheets and acknowledgment forms relating to compliance with federal, state and local regulations, including but not limited to the compliance with the Foreign Agents Registration Act ("FARA"), the Foreign Corrupt Practices Act ("FCPA") and/or Bank Secrecy Act/Anti-Money Laundering ("BSA/AML");

5. For the document custodian Jessica Gibbs, please produce any and all documents and records in your possession, custody or control, including provide all email, text and SMS communications, relating to: (i) the 2016 United States Presidential Campaign; (ii) the 58th Presidential Inaugural Committee; (iii) communications with any United States federal agency or federal official; (iv) official and unofficial representatives of the United Arab Emirates, the Kingdom of Saudi Arabia or the State of Qatar; and (v) businesses, sovereign wealth funds and individuals associated with the United Arab Emirates, the Kingdom of Saudi Arabia or the State of Qatar;

6. All documents and communications regarding the Institute for Public-Private Partnerships ("IP3"), including Thomas Barrack or any Colony employee's relationship or contact with IP3;

7. All communications regarding Westinghouse Electric Company, including, but not limited to, the acquisition of Westinghouse Electric Company, any parent, subsidiary or affiliate of Westinghouse Electric Company, as well as any communications with Brookfield Business partners, Brookfield Asset Management, or any of its parents, subsidiaries or affiliates, or any other company, entity or individual regarding Westinghouse Electric Company; and

8. For the period from January 1, 2016 through the present, all documents and communications related to the media appearances by Thomas Barrack identified below, including, but not limited to, scheduling the media appearances, topics of discussion, travel and reimbursement:

4

a. Televised interview on CNN on or about March 5, 2016;
b. Televised interview on CNN on or about May 10, 2016;
c. Televised interview on Bloomberg News on or about May 31, 2016;
d. Televised interview on CNN on or about June 1, 2016;
e. Televised interview on MSNBC on or about July 1, 2016;
f. Televised interview on Bloomberg News on or about July 18, 2016;
g. Televised interview on Charlie Rose on or about July 21, 2016;
h. Telephonic interview with Fortune Magazine published on or about August 10, 2016;
i. Televised interview on CNN on or about August 29, 2016;
j. Televised interview on CNN on or about September 2, 2016;
k. Televised interview on CNBC on or about September 13, 2016;
l. Televised interview on CNN on or about September 17, 2016;
m. Televised interview on Bloomberg News on or about September 27, 2016;
n. Televised interview on Charlie Rose on or about October 10, 2016;
o. Televised interview on PBS on or about October 14, 2016;
p. Televised interview on Bloomberg News on or about November 9, 2016;
q. Televised interview on CNN on or about November 9, 2016;
r. Televised interview on CBS on or about November 12, 2016;
s. Televised interview on CNN on or about December 6, 2016;
t. Televised interview on CNBC on or about December 6, 2016;
u. Televised interview on CNN on or about January 6, 2017;
v. Televised interview on Fox News on or about January 15, 2017;
w. Televised interview on MSNBC on or about January 16, 2017;
x. Televised interview on Bloomberg News on or about January 31, 2017;
y. Televised interview on CNN on or about October 12, 2017; and
z. Televised interview on Bloomberg News on or about October 24, 2017.