# EXHIBIT I

AO 89 (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case

# UNITED STATES DISTRICT COURT
for the

Eastern District of New York

| United States of America | ) |
|---|---|
| v. | ) |
|  | ) Case No. |
|  | ) |
| *Defendant* | ) |

**SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE**

To:

**YOU ARE COMMANDED** to appear in the United States District Court at the time, date, and place shown below to testify in this criminal case. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: | Courtroom No.: |
|---|---|
|  | Date and Time: |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

Date: _____

CLERK OF COURT  **BRENNA B. MAHONEY**

*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
_____ , who requests this subpoena, are:

AO 89  (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case (Page 2)

Case No.

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

**Alison Marckstadt**
**c/o Grant B. Gelberg, Esq.**
**Halpern May Ybarra Gelberg LLP**
**550 S. Hope St., Suite 2330**
**Los Angeles, CA 90071**

## RIDER

Instructions

1. In complying with this subpoena, you are required to produce all responsive documents that are in your possession, custody, or control, whether held by you or your past or present agent, employee or representative acting on your behalf. You are also required to produce documents that you have a legal right to obtain, that you have a right to copy, or to which you have access, as well as documents that you have placed in the temporary possession, custody or control of any third party. To the extent you understand that documents responsive to this subpoena have already been provided to the Office, do not reproduce those documents, but please identify any documents withheld on this basis with specificity.

2. No documents called for by this request shall be destroyed, modified, removed, transferred, or otherwise made inaccessible to the grand jury. If you have knowledge that any subpoenaed document has been destroyed, discarded or lost, identify the subpoenaed document and provide an explanation of the destruction, discarding, loss, or disposal, and the date at which the document was destroyed, discarded, or lost.

3. This subpoena is continuing in nature. Any document not produced because it has not been located or discovered by the return date shall be provided immediately upon location or discovery subsequent thereto with an explanation of why it was not located or discovered until the return date.

4. Unless otherwise indicated, the time period applicable to the requests below is from January 1, 2016 until the present.

5. If You assert that any documents, electronically stored information or objects sought by this subpoena are not subject to disclosure by reason of any privilege (the "privileged documents"), You must individually identify each privileged document by describing its subject matter, the date it was created, the author of the document by first and last name, all recipients of the document by first and last name, the specific privilege from disclosure that You are asserting with respect to each document, and the factual basis for Your assertion of the privilege as to each document.

6. Production with respect to each document shall include all electronic versions and data files from email applications, as well as from word processing, spreadsheet, database, or other electronic data repositories applicable to any attachments, and shall be provided to the grand jury where possible in its native file format and shall include all original metadata for each electronic documents or data file.

7. You may comply with the records requested in this subpoena by providing the requested information on or before September 19, 2022, to Special Agent Anthony Casola. Compliance with this portion of the subpoena does not satisfy your obligation to appear on the date and time listed for appearance for testimony at trial.

Definitions

1. As used herein, the terms "You" and "Your" refer to Alison Marckstadt, and any agents of Alison Marckstadt, regardless of location.

2. As used herein, the term "foreign government" includes:

   a. any person or group of persons exercising sovereign de facto or de jure political jurisdiction over any country, other than the United States, or over any part of such country, and includes any subdivision of any such group and any group or agency to which such sovereign de facto or de jure authority or functions are directly or indirectly delegated.  Such term shall include any faction or body of insurgents within a country assuming to exercise governmental authority whether such faction or body of insurgents has or has not been recognized by the United States;

   b. any person who acts as an agent, representative, employee, or servant, or any person who acts in any other capacity at the order, request, or under the direction or control, of a foreign government or of a person any of whose activities are directly or indirectly supervised, directed, controlled, financed, or subsidized in whole or in major part by a foreign government; and

   c. for the avoidance of doubt, the Government of the United Arab Emirates (the "UAE Government") or the Kingdom of Saudi Arabia (the "KSA Government"), and all agencies, instrumentalities, political subdivisions, officials, employees, representatives, servants, and agents, formal and informal, direct and indirect, of the UAE Government and KSA Government.

3. The term "document" means all materials, whether drafts or unfinished versions, originals or nonconforming copies thereof, however created, produced, or stored (manually, mechanically, electronically or otherwise), and by whomever prepared, produced, sent, dated, or received, including but not limited to books, papers, files, notes, minutes, summaries, analyses, electronic mail ("email"), correspondence, memoranda, written communications, work papers, ledger sheets, confirmations, invoices, account statements, reports, wires, telegrams, telexes, telephone logs, notes or records of conversations or meetings, contracts, agreements, calendars, date books, work sheets, invoices, bills, records of payment, magnetic tape, video recordings, audio recordings, disks, diskettes, and other electronic media, microfilm, microfiche, storage devices, appointment books, diaries, notices and message slips, and records of any kind.

4. The terms "related" and "relating" with respect to any given subject mean anything that constitutes, contains, embodies, reflects, identifies, concerns, states, refers to, deals with, or is in any manner whatsoever pertinent to the subject.

5. The terms "including" and "includes" are not intended to exclude other types of documents that are nevertheless responsive but not specifically identified.

6. The term "Digital Bridge" refers to DigitalBridge Group, Inc. and any predecessors in interest thereto, including, but not limited to, Colony Capital, Inc. and Colony NorthStar, Inc., as well as any subsidiary, affiliate, joint venture, limited liability company, limited liability partnership, partnership or other special purpose entity owned in whole or in part or otherwise controlled by Digital Bridge.

7. The term "employment" means any agreement, formal or informal, to provide any goods or service to any other individual or entity, regardless of compensation, including operating as a formal employee, independent contractor, or any other formal or informal arrangement.

8. "Paul Hastings" means Paul Hastings LLP and any other individual or entity operating as an agent or employee of Paul Hastings, including but not limited to Matthew Herrington and Phara Guberman.

9. "OMM" means O'Melveny & Myers LLP and any other individual or entity operating as an agent or employee of OMM including but not limited to Daniel Petrocelli, Nicole Argentieri, and Jim Bowman.

10. "Willkie" means Willkie Farr & Gallagher LLP, and any other individual or entity operating as an agent or employee of Willkie including but not limited to Randall Jackson, Michael S. Schachter and Steven J. Ballew.

11. "W&S" means Winston & Strawn LLP, and any other individual or entity operating as an agent or employee of W&S, including but not limited to Abbe David Lowell, Christopher D. Man, Andrew Tauber, Johanna Hudgens, Sofia Arguello.

12. "BSF" means Boise Schiller Flexner LLP, and any other individual or entity operating as an agent or employee of W&S, including but not limited to Matthew Schwartz.

Requests

1. Documents relating to any and all of Digital Bridge investments, business partnerships, ownership interests, business associations and other business dealings with any investment vehicle or fund owned, in part or in whole, or controlled by the United Arab Emirates or the Kingdom of Saudi Arabia or any entity, owned in whole or in part, or controlled by the United Arab Emirates or the Kingdom of Saudi Arabia, including, but not limited to: (i) the Abu Dhabi Investment Authority; (ii) the Mubadala Investment Company; and (iii) the Public Investment Fund;

2. All documents and other information relating to the employment, consultancy or compensation of Rashid al-Malik by or with Digital Bridge, including but not limited to:

    a. Any contract or written agreement relating to Rashid al-Malik's employment, consultancy or compensation;

    b. Any document relating to the compensation of Rashid al-Malik, including documents related to payroll information, bank deposits or wire transfers; invoices, or other disbursements for or on behalf of Rashid al-Malik;

3. All documents and other information relating to the compliance of Digital Bridge and its employees with the Foreign Agents Registration Act, including but not limited to training materials, presentations, attendance sheets, acknowledgment forms and emails;

4. All documents and communications related to media appearances by Thomas Barrack relating in any way to the UAE Government, KSA Government, or United States government, between January 1, 2016 and December 31, 2017;

5. All documents and other information relating in any way to: (i) the 2016 United States Presidential Campaign; (ii) the 58th Presidential Inaugural Committee; (iii) communications with any United States federal agency or federal official; (iv) official and unofficial representatives of the United Arab Emirates, the Kingdom of Saudi Arabia or the State of Qatar; and (v) businesses, sovereign wealth funds and individuals associated with the United Arab Emirates, the Kingdom of Saudi Arabia or the State of Qatar;

6. All documents and other information provided to you by Barrack, Grimes and/or Al-Malik, or an agent of any of those individuals, relating in any way to any investigation conducted by the Special Counsel's Office for the Department of Justice, including but not limited to any documents or information relating to any grand jury subpoenas or other legal process issued by that entity;

7. Copies of all resumes and curriculum vitae created by or for you, Barrack, Grimes, or Al-Malik during the time period;

8. Documents reflecting any contemplated, proposed or actual employment of You by Thomas J. Barrack, Matthew Grimes, and/or Rashid al-Malik since July 16, 2021;

9. Documents reflecting any employment of You by Digital Bridge since July 16, 2021;

10. Documentation of any employment agreement between You and Paul Hastings, OMM, Willkie, W&S, BSF and/or any other law firm (collectively the "Law Firms");

11. Documentation of any agreement with any other individual or entity and Paul Hastings, OMM, Willikie, W&S, and/or BSF related to Your employment;

12. Bank records indicating the source and amount of any payments received by You for any employment of You by Barrack, Digital Bridge, any of the Law Firms or any of their agents or intermediaries since July 16, 2021;

13. Documents reflecting any communications about the use of encrypted communication systems for the purpose of communicating about any of the individuals, entities or topics described in this Rider; and

14. Documents reflecting any communications between or among You, Barrack, Grimes, and/or Al-Malik during Your employment by Paul Hastings, OMM Willkie, BSF, and/or W&S, provided no lawyer or other representative of any of the Law Firms is included in or copied on the communication.