**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

RCH/SPN/HDM/CRH
F. #2018R01309

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

September 4, 2022

By ECF

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Thomas Joseph Barrack, et al.
Criminal Docket No. 21-371 (S-1) (BMC)

Dear Judge Cogan:

The government respectfully writes in opposition to defendants Thomas J. Barrack and Matthew Grimes's (the "Defendants") joint motion to compel the government to identify which portions of certain exhibits it intends to introduce at trial. The Defendants' motion is moot, misleading, unsupported by legal authority, and otherwise without merit. It should be denied.

As a threshold matter, the Defendants already have the information they seek, rendering their request moot. The government's exhibit list identifies the exhibits and, as applicable, the portions thereof that the government intends to introduce into evidence at trial. Where the government intends to introduce only portions of a specified exhibit, those portions are marked as separate sub-exhibits. Where a voluminous exhibit is listed without sub-exhibits, the government intends to introduce the entirety of the exhibit into evidence at trial. The Defendants thus seek an order compelling the government to do what it has already done – i.e., "identify the specific portions of certain voluminous government exhibits that it intends to introduce at trial." Dkt. No. 185 at 1.[1] To the extent the Defendants are unclear about any of the above, the government urges them to reach out for further conferral.

In addition, the Defendants' account regarding Government Exhibit 706, a set of telephone records for a third party that was in contact with both defendants and the fugitive co-defendant in this case, is misleading. They claim that defense counsel requested that "the

[1] The Defendants refer to 23,000 pages of government exhibits, perhaps to suggest by that volume that the government intends to swamp them or the jury with extraneous data, but in the next breath they acknowledge that the government has already indicated that it does not intend to introduce all of those pages into evidence and, in fact, has provided the defense with information about which subsets of those pages it intends to introduce into evidence.

government identify the specific portions of this 2,256 page exhibit that it intends to admit in evidence at trial and display to the jury" and that the government responded that it does not believe the defense is "entitled to that information at this stage." This is wrong, but the Court would not know that because the Defendants' filing omitted (for reasons left unexplained) the question to which the government provided the quoted answer. In fact, the Defendants asked the government by email dated August 23, 2022, enclosed herewith as Exhibit A, to reveal to the defense "what you intend to do with those records and what testimony you intend to elicit about them." The government thus naturally understood the Defendants to be seeking a proffer from the government of the testimony that the government expects to elicit about Government Exhibit 706 and how that exhibit fits into the government's case, not the specific pages that it intends to display to the jury.[2]

Finally, the Defendants' request is unsupported by legal authority. They cite no case, no statute, no rule warranting judicial relief here. The Defendants are not entitled to "a preview of the government's case." United States v. Reyes, 90 CR 584, 1990 WL 201342, at *2 (S.D.N.Y. Dec. 4, 1990). If the government decides to introduce Government Exhibit 706 at trial, it will be prepared to make a relevancy showing at that time.[3]

---

[2] When an offer to confer on a particular issue goes unaddressed or misunderstood – in the course of a series of email exchanges reflecting continuing conferral on a variety of topics – the government urges defense counsel to send a reminder or to pick up the phone before complaining to the Court that the defense has "received no response." Dkt. No. 185 at 1. The government does not here list the questions it has posed to the defense to which it has, to date, received no response.

[3] The Defendants argue that the government has "refused" to indicate which portions of "other exhibits," plural, it intends to introduce at trial. The government is not aware of any request of the Defendants regarding any such exhibit beyond Government Exhibit 706, nor have they specified which exhibits they have in mind in their motion.

In sum, the Defendants' motion seeks to compel the government to do what it has already done and in any event is meritless. The government respectfully requests that it be denied.

                Respectfully submitted,

                BREON PEACE
                United States Attorney

By:    /s/
                Ryan C. Harris
                Samuel P. Nitze
                Hiral D. Mehta
                Craig R. Heeren
                Assistant U.S. Attorneys
                (718) 254-7000

                MATTHEW G. OLSEN
                Assistant Attorney General
                Department of Justice
                National Security Division

By:   /s/ Matthew J. McKenzie
                Matthew J. McKenzie
                Trial Attorney

cc:    Counsel for Thomas Joseph Barrack (by ECF)
       Counsel for Matthew Grimes (by ECF)
       Clerk of the Court (BMC) (by ECF)