RCH/SPN/HDM/CRH/MJM
F. #2018R01309

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

     - against -                          No. 21-CR-371 (S-1) (BMC)

RASHID SULTAN RASHID AL MALIK
ALSHAHHI,
        also known as "Rashid Al Malik"
        and "Rashid Al-Malik,"
THOMAS JOSEPH BARRACK and
MATTHEW GRIMES

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X


GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION *IN LIMINE* TO PRECLUDE INQUIRY ABOUT CLASSIFIED INFORMATION


                             BREON PEACE
                             United States Attorney
                             Eastern District of New York


Ryan C. Harris
Samuel P. Nitze
Hiral D. Mehta
Craig R. Heeren
Assistant United States Attorneys

Matthew J. McKenzie
Trial Attorney
National Security Division
(Of Counsel)

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................................ ii

PRELIMINARY STATEMENT ................................................................................................. 1

RELEVANT BACKGROUND .................................................................................................. 3

    I.    The Government's CIPA Section 2 Notice and Section 4 Protective Order .................... 3

    II.   The Statutory Framework for the Handling of Classified Information at Trial................. 4

        A.    The Defendants' Notice Requirement (CIPA Section 5) ......................................... 4

        B.    The Government's Right to a Pretrial Hearing (CIPA Section 6)............................ 5

        C.    The Need to Protect Unauthorized Disclosure of Classified Information During Trial (CIPA Section 8) ................................................................................. 6

        D.    The Government's Right to Interlocutory Appeal (CIPA Section 7)...................... 7

    III.  The Defendant's Failure to Comply with CIPA ........................................................ 7

ARGUMENT .............................................................................................................................. 9

    I.    The Information Sought by the Defendants is Classified ................................................. 9

    II.   The Defendants Failed to Comply with CIPA Section 5 Notice Requirements .............. 11

    III.  The Requested Information Is Not Admissible or Relevant to the Defense.................... 12

        A.    The Court Already Held That There is No Helpful or Material Classified Information That Must Be Disclosed in Discovery................................................. 13

        B.    The Existence or Non-Existence of Records is Irrelevant ..................................... 13

CONCLUSION.......................................................................................................................... 15

i

TABLE OF AUTHORITIES

**Cases**

Brady v. Maryland,
    373 U.S. 83 (1963) .................................................................................... 4

CIA v. Sims,
    471 U.S. 159 (1985) .................................................................................. 10

Dep't of Navy v. Egan,
    484 U.S. 518 (1988) .................................................................................... 9

Giglio v. United States,
    405 U.S. 150 (1972) .................................................................................... 4

United States v. Badia,
    827 F.2d 1458 (11th Cir. 1987) ......................................................... 2, 5, 12

United States v. Carton,
    No. 17-CR-680 (CM), 2018 WL 5818107 (S.D.N.Y. Oct. 19, 2018) ..................................... 14

United States v. Collins,
    720 F.2d 1195 (11th Cir. 1983) ................................................................... 4

United States v. Giffen,
    473 F.3d 30 (2d Cir. 2006) ...................................................................... 4, 6

United States v. Liu,
    No. 19-CR-804 (VEC), 2021 WL 3374535 (S.D.N.Y. Aug. 3, 2021) ................................ 2, 10

United States v. Mostafa,
    992 F. Supp. 2d 335 (S.D.N.Y. 2014) .......................................................... 1, 10

United States v. North,
    708 F. Supp. 389 (D.D.C. 1988) ............................................................. 4, 5, 12

United States v. Pappas,
    94 F.3d 975 (2d. Cir. 1996) ................................................................. 4, 12, 15

United States v. Saldarriaga,
    204 F.3d 50 (2d Cir. 2000) ........................................................................ 15

United States v. Smith, 780 F.2d 1102 (4th Cir. 1985) ........................................... 5, 6, 12

United States v. Stewart,
    590 F.3d 93 (2d. Cir. 2009) ..................................................................... 3, 10

United States v. Wilson,
    750 F.2d 7 (2d. Cir. 1984) .......................................................................... 6

United States v. Yunis,
    867 F.2d 617 (D.C. Cir. 1989) ............................................................... passim

Wilner v. National Sec. Agency,
    592 F.3d 60 (2d Cir. 2009) ......................................................................... 2

**Statutes**

18 U.S.C. App. 3, § 5(a) ................................................................................. 2, 4, 5, 11

18 U.S.C. App. 3, § 5(b) ................................................................................. 5

18 U.S.C. App. 3, § 6(a) ................................................................................. 2, 5, 6, 12

18 U.S.C. App. 3, § 6(b) ................................................................................. 6

18 U.S.C. App. 3, § 6(c) ................................................................................. 6

18 U.S.C. App. 3, § 7 ..................................................................................... 7

18 U.S.C. App. 3, § 8(c) ................................................................................. 7

**Other Authorities**

S. Rep. No. 96-823, <u>reprinted</u> <u>in</u> 1980 U.S.C.C.A.N. 4294 (1980) ........................................... 6, 7

**Rules**

Fed. R. Evid. 401 .......................................................................................... 6, 13

Fed. R. Evid. 402 .......................................................................................... 6

PRELIMINARY STATEMENT

The government respectfully moves in limine, pursuant to the Classified Information Procedures Act ("CIPA"), to preclude defendants Thomas J. Barrack and Matthew Grimes (the "Defendants") from questioning witnesses at trial in a manner designed to elicit information about materials in the possession of the U.S. Intelligence Community ("USIC") or the lack thereof. The Court should preclude such questions because (1) they would compel the disclosure of classified information, (2) the Defendants have failed to comply with CIPA, and (3) the answers would be irrelevant and inadmissible.

Any answer to such line of inquiry would compel the disclosure of classified facts, because confirming or denying the existence of classified information is itself a classified fact. Confirming the existence of intelligence collection or reporting about the Defendants (if any exists) would reveal classified information about who the USIC has information about and give insight into the sources and methods of that data collection. A response that admits to the absence of intelligence reports would (if true) likewise reveal sensitive, classified national security information about the means, methods, and scope of intelligence activities. As discussed further below, foreign adversaries are keenly interested in learning both what the USIC does and does not know, and the government has a national security interest in opposing such a disclosure.[1] See United States v. Yunis, 867 F.2d 617, 623 (D.C. Cir. 1989) (observing that "much of the government's security interest in the conversation lies . . . in the time, place, and nature of the government's ability to intercept the conversations at all"); United States v. Mostafa, 992 F. Supp. 2d 335, 338 (S.D.N.Y. 2014) (same); cf. Wilner v. National Sec. Agency, 592 F.3d 60, 68 (2d Cir.

_____

[1] For the same reasons, the government cannot stipulate to any such facts, because it can neither confirm nor deny the existence of classified intelligence information. Nothing herein should be construed as such a confirmation or denial.

1

2009) (holding that "Glomar" response that "an agency may refuse to confirm or deny the existence of records" is appropriate response to FOIA request based on national security interests).

To the extent Defendants now seek to elicit classified information at trial, they were required to comply with CIPA and have failed to do so.   See, e.g., United States v. Liu, No. 19-CR-804 (VEC), 2021 WL 3374535, at *3 (S.D.N.Y. Aug. 3, 2021) ("CIPA can be invoked to protect information that itself reveals matters of national security, information that would reveal the Government's intelligence-gathering capabilities, and information that would reveal the Government's sources and methods of collection").    Under CIPA Section 5, the Defendants were statutorily required to provide notice of their intent to elicit classified information by no later than 30 days prior to trial.   18 U.S.C. App. 3, § 5(a).   They did not do so, even though they were advised of the notice requirement on multiple occasions, beginning nearly a year ago and as recently as last month.   See CIPA Section 2 Notice (Dkt. No. 54); Mot. to Quash Subpoena (Dkt. No. 152).   The Court should therefore preclude the Defendants' line of inquiry because of their failure to comply with CIPA.   See, e.g., United States v. Badia, 827 F.2d 1458, 1464–66 (11th Cir. 1987) (precluding inquiry for failure to provide notice under CIPA Section 5).

If the Court excuses the Defendants' violation of the statute, the Court should make findings pursuant to CIPA Section 6, and rule that this line of inquiry is improper because it seeks information that is both irrelevant and inadmissible.   See 18 U.S.C. App. 3, § 6(a).   Whether or not the USIC has collected classified information about the Defendants does not in and of itself tend to make it any more or less likely that either or both Defendants is guilty of the charged crimes.   Indeed, there are various reasons why there might not be intelligence information about either or both Defendants (if that were true) that have no bearing on the charges at issue in this case.   For the same reasons, this line of questioning would be prejudicial and misleading to the

2

jury:   to allow defense counsel to ask if classified intelligence information was requested or reviewed, and then to argue that the absence of such information at trial is somehow exculpatory (when there is no indication one way or another whether the information exists or not) would be highly misleading and unduly prejudicial, particularly because the government will be unable to respond since any response would reveal classified information.   Because the answer to this line of questioning would compromise classified information and offer no relevant evidence, the Court should preclude any such questions.

RELEVANT BACKGROUND

I.        The Government's CIPA Section 2 Notice and Section 4 Protective Order[2]

On October 29, 2021, the government filed a "CIPA Section 2" notice, which provided the Court and Defendants with initial guidance on CIPA procedures for classified information.   See Dkt. No. 54.   That notice detailed the various requirements of CIPA, including Section 5 notification, as discussed further below.   Id.

Subsequently, pursuant to CIPA Section 4, the government filed a motion for a protective order against disclosure of certain classified information to the defense, because that information is not discoverable under applicable law or is not helpful or material to the defense. See Mem in Supp. of Classified Mot. for a Protective Order (the "CIPA 4 Motion") (Dkt. No. 117) (filed ex parte and under seal).   After hearing from the parties in separate ex parte proceedings, the Court granted the order to withhold certain classified material from discovery.   See Order (Dkt No. 136) (the "CIPA 4 Order").   The Court determined that "the classified materials to be withheld are not 'helpful or material to the defense' see United States v. Stewart, 590 F.3d 93, 131 (2d. Cir. 2009)" and "that the classified information sought to be excluded from discovery is either

_____

[2] The government is providing to the Court, ex parte and under seal, a classified letter with further background related to its CIPA Section 4 filing and associated ex parte hearing.

3

not discoverable under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), <u>Giglio v. United States</u>, 405 U.S. 150 (1972), and their progeny, or Federal Rule of Criminal Procedure 16; or that such discovery value is outweighed by the potential danger to the national security that might ensure after their disclosure."   <u>Id.</u>

II.   <u>The Statutory Framework for the Handling of Classified Information at Trial</u>

The CIPA statute provides a framework for the handling of classified information during the course of a trial.   One purpose of CIPA is to preclude attempts to engage in "graymail," which is "a threat by the defendant to disclose classified information in the course of trial."   <u>See</u> <u>United States v. Pappas</u>, 94 F.3d 975, 799 (2d. Cir. 1996); <u>United States v. North</u>, 708 F. Supp. 389, 392 (D.D.C. 1988) (explaining that "Congress and other courts have condemned this defense tactic").   Provisions relevant to trial are discussed below.[3]

A.   <u>The Defendants' Notice Requirement (CIPA Section 5)</u>

CIPA Section 5(a) requires that any defendant who intends to disclose, or cause the disclosure of, classified information must provide timely pretrial written notice of his or her intention to the district court and the government.   Such notice must "include a brief description of the classified information," and "must be particularized, setting forth specifically the classified information which the defendant reasonably believes to be necessary to his defense."   <u>United States v. Collins</u>, 720 F.2d 1195,1199-1200 (11th Cir. 1983); <u>see also</u> <u>United States v. Giffen</u>, 473 F.3d 30, 33 (2d Cir. 2006) (quoting the statute); <u>Yunis</u>, 867 F.2d at 623 ("[C]lassified information is not discoverable on a mere showing of theoretical relevance . . . a defendant seeking classified information . . . is entitled only to information that is at least 'helpful to the defense of [the] accused.'") (internal citations omitted); <u>United States v. Smith</u>, 780 F.2d 1102, 1105 (4th Cir.

---

[3] The government refers the Court to its CIPA Section 2 filing for a more comprehensive discussion of the statute.   <u>See</u> Dkt. No. 54.

1985) (en banc) (explaining that "[t]he notice must specifically set out the classified information the defendant believes he will rely upon in his defense" and that "[a] general statement of the areas the evidence will cover is insufficient.").

A defendant's CIPA 5 notice must be timely, and the statute expressly states that this means a time specified by the Court or, "where no time is specified, within thirty days prior to trial."  See 18 U.S.C. App. 3, § 5(a); Badia, 827 F.2d at 1464 (Section 5 "requires a defendant who intends to disclose classified information to give written notice of his intention to the court and to the United States at least thirty days before trial").  If a defendant fails to provide a sufficiently detailed notice far enough in advance of trial to permit the implementation of CIPA procedures, Section 5(b) authorizes the district court to preclude disclosure of the classified information.  See Badia, 827 F.2d at 1464–66 (upholding preclusion of disclosure of classified information at trial because defendant failed to comply with notice requirements of CIPA Section 5); North, 708 F. Supp. at 392 (precluding use of classified information for failure to adequately comply with Section 5 notice requirements).  Similarly, if the defendant attempts to disclose at trial classified information which is not described in his Section 5(a) notice, preclusion is the appropriate remedy under Section 5(b) of CIPA.  See Smith, 780 F.2d at 1105 (holding that a "defendant is forbidden from disclosing any such information absent the giving of notice").

B.    The Government's Right to a Pretrial Hearing (CIPA Section 6)

Should a defendant provide sufficient notice under CIPA Section 5, the Court is required, upon the government's request, to hold a hearing "to make all determinations concerning the use, relevance, or admissibility of classified information that would otherwise be made during the trial or pretrial proceeding."  18 U.S.C. App. 3, § 6(a).  The statute expressly provides that if the Section 6(a) motion is filed before trial or the relevant pretrial proceeding, "the court shall rule [on the use, relevance, or admissibility of the classified information at issue] prior to the

5

commencement of the relevant proceeding." Id.   Pursuant to Section 6(b), the government must notify the defendant of the hearing and identify the classified information that will be at issue, which, with the Court's approval, may be done in the form of a generic description of the material to the defendant.[4]

At the hearing, the district court hears the defense proffer and the arguments of counsel, then rules whether the classified information identified by the defense is relevant under Rule 401 of the Federal Rules of Evidence.   See Giffen, 473 F.3d at 33; Smith, 780 F.2d at 1106. The Court's inquiry does not end there, however, since under Rule 402 of the Federal Rules of Evidence, "[n]ot all relevant evidence is admissible at trial." Fed. R. Evid. 402.   Courts must also determine whether the evidence is cumulative, "prejudicial, confusing, or misleading," such that, even if relevant, the evidence should be excluded under Rule 403 of the Federal Rules of Evidence.   See United States v. Wilson, 750 F.2d 7, 9 (2d. Cir. 1984).   At the conclusion of the Section 6(a) hearing, the court must state in writing the reasons for its determination as to each item of classified information.   Should the Court find that the information at issue is relevant and admissible, CIPA Section 6 provides a mechanism by which the government may propose an adequate substitution or otherwise challenge the ruling.   See 18 U.S.C. App. 3, § 6(c).

C.   The Need to Protect Unauthorized Disclosure of Classified Information During Trial (CIPA Section 8)

Section 8 prescribes additional protections and procedures governing classified information at trial.   Section 8(c) addresses the problem presented at a proceeding when the defendant's counsel asks a question or embarks on a line of inquiry that would require the witness

---

[4] For example, as Congress explained in enacting CIPA, "the Government would not have to disclose the identity of an undercover intelligence agent not previously disclosed to the defendant; instead, the Government would describe the information as 'the identity of an undercover intelligence agent' if this meets with court approval."   S. Rep. No. 96-823, at 6, reprinted in 1980 U.S.C.C.A.N. 4294, 4301 (1980).

to disclose classified information.   S. Rep. No. 96-823, at 11, 1980 U.S.C.C.A.N. at 4304. Specifically, under Section 8(c), the government may object to any question or line of inquiry that may require the witness to disclose classified information that was not previously held to be admissible.   18 U.S.C. App. 3, § 8(c).   Following an objection, the court "shall take such suitable action to determine whether the response is admissible as will safeguard against the compromise of any classified information."   <u>Id</u>.   In effect, this procedure supplements the notice provision under Section 5 and the hearing provision in Section 6(a) to cope with situations that cannot be handled effectively by those sections, such as where the defense counsel does not realize that the answer to a given question will reveal classified information.   S. Rep. No. 96-823 at 11, 1980 U.S.C.C.A.N. at 4304-05.

      D.      <u>The Government's Right to Interlocutory Appeal (CIPA Section 7)</u>

      Section 7 of CIPA permits the government to take an interlocutory expedited appeal to the appellate court if the district court: (1) authorizes the disclosure of classified information; (2) imposes sanctions for nondisclosure of classified information; or (3) refuses to issue a protective order sought by the government to prevent the disclosure of classified information.   18 U.S.C. App. 3, § 7.   If an appeal is taken, trial shall not commence, or must be adjourned if already commenced, until the appeal is resolved.   <u>Id</u>.   Such an appeal and decision does not affect the defendant's right to lodge a subsequent appeal upon conviction of an adverse ruling by the court. <u>Id.</u> at § 7(b).

III.      <u>The Defendant's Failure to Comply with CIPA</u>

      After being provided notice of the statutory procedure for handling classified information, the Defendants moved to compel discovery in March 2022 of materials held by United States intelligence agencies.   <u>See</u> Dkt. No. 89-2; Dkt. No. 91.   The government explained the relevant law, stating, in pertinent part, that "[w]ith regard to the U.S. Intelligence Community

7

(the 'USIC'), the government has made a series of prudential search requests of certain agencies that may have potentially relevant information.   Any such materials are likely to be classified and therefore are governed by [CIPA]."   See Opp. to Mot. to Compel (Dkt. No. 98) at 14 ("the handling of any potentially discoverable information will be done through the CIPA process, which includes several procedural mechanisms designed to protect the government's compelling interest in protecting the secrecy of information important to national security").   The Court denied the Defendants' motion to compel, including the request for materials from U.S. intelligence agencies.   See Mem. and Order at 46-47 n.19; 52-53.

Notwithstanding the Court's conclusion that there are no helpful or material discoverable items that should be produced, defendant Grimes subsequently sought to serve Rule 17(c) trial subpoenas on four USIC agencies, all with a return date of August 26, 2022.   See Mot. to Compel Subpoena (Dkt. No. 144).   Grimes argued, in part, that the absence of records would be "powerful evidence that Mr. Grimes neither knowingly, nor intentionally became a foreign agent."   Id. at 3.   On August 29, 2022, the Court denied the requested subpoenas.   See Minute Entry dated Aug. 30, 2022.

Most recently, Grimes has sought a "stipulation" related to classified information, specifically his purported belief that the USIC has no classified information related to Grimes. On July 27, 2022, counsel for Grimes indicated that he was concerned about "the breadth of the Government's harvesting of information and from which agencies," and that he had pointed out (in an ex parte setting) such materials "being contrary to the Government's assertion helpful or material to the defense."   See July 27, 2022 Hr'g Tr. at 22.   Counsel further proposed that "if there's nothing there," referring to classified information held by the USIC, then "that can be probative of something."   Id. at 23.

Grimes's counsel again raised the idea of a stipulation, or the need to question witnesses about the scope of USIC information, at a pretrial conference on August 29, 2022. Specifically, counsel advised that he would seek a stipulation from the government of "confirmation that Mr. Grimes was not mentioned in the communications or something." Aug. 29, 2022 Hr'g Tr. at 14. The Court indicated that it could not compel the government to stipulate to any such information, but suggested that the defendant might be able to ask questions about this subject matter. Id. at 15-17. Counsel for Grimes indicated he would seek to question witnesses for this purpose. Id. at 15. The Court acknowledged that any such questions might trigger a classified proceeding under CIPA. Id. at 17.

ARGUMENT

I.      The Information Sought by the Defendants is Classified

The Supreme Court has "recognized the Government's compelling interest in withholding national security information from unauthorized persons in the course of executive business" and described the reasons underlying that interest as "too obvious to call for enlarged discussion." Dep't of Navy v. Egan, 484 U.S. 518, 527 (1988) (internal quotation marks and citation omitted). This interest applies both to the disclosure of information, as well as to the confirmation or denial of the existence of such information, which could cause harm to intelligence sources, methods, and operations by revealing the scope of the government's ability to collect information on foreign governments (or lack thereof). As the D.C. Circuit has explained in the seminal opinion on classified information and CIPA, "much of the government's security interest in the conversation lies not so much in the contents of the conversations, as in the time, place, and nature of the government's ability to intercept the conversations at all." See Yunis, 867 F.2d at 623 (emphasis added). The Yunis court went on to explain why even a confirmation or denial of

9

the existence of intelligence information would reveal sensitive and classified information that

affects the country's national security:

> Things that did not make sense to the District Judge would make all
> too much sense to a foreign counter-intelligence specialist who
> could learn much about this nation's intelligence gathering
> capabilities from what these documents revealed about sources and
> methods.  Implicit in the whole concept of an information-type
> privilege is the necessity that information-gathering agencies protect
> from compromise 'intelligence sources and methods.'

Id. at 623; see also CIA v. Sims, 471 U.S. 159, 175 (1985) ("The government has a compelling

interest in protecting both the secrecy of the information important to our national security and the

appearance of confidentiality so essential to the effective operation of our foreign intelligence

service." (internal quotation marks omitted)).

      Having adopted Yunis's reasoning, the Second Circuit has made clear that

revealing whether the USIC obtained information about any particular person would lead to the

disclosure of national security and classified information.   See Stewart, 590 F.3d at 132   (holding

that the details of the NSA's operations, including the surveillance vel non of any particular

individual or group, implicate national security and the sensitive nature of the information might

lie "not so much in the contents of the [information], as in the time, place, and nature of the

government's ability to intercept the [information] at all." (quoting Yunis)); Mostafa, 992 F. Supp.

2d at 338 (holding that the fact of the government's ability to collect information at all is

classified); Liu, 2021 WL 3374535, at *3 (holding that the government has a national security

interest in protecting "information that would reveal the Government's intelligence-gathering

capabilities [] and information that would reveal the Government's sources and methods of

collection.").

      Grimes's request for the ability to question witnesses about the scope and contents

of intelligence collection related to this case, or a stipulation that confirms or denies the existence

of such information, is precisely the sort of inquiry that would reveal classified information. Accordingly, the Defendants are required to comply with the CIPA process before they may make any such inquiries at trial, which they have failed to do.

II.     The Defendants Failed to Comply with CIPA Section 5 Notice Requirements

As explained above, Section 5 of CIPA requires a defendant to provide notice if he "reasonably expects to disclose or to cause the disclosure of classified information in any manner in connection with any trial or pretrial proceeding."   18 U.S.C. App. 3, § 5(a).   The defendants had until thirty days prior to trial to file any such notice.   Id.   That time has expired and they have made no such filing.   The Defendants have no excuse for this lapse, since they were provided with notice of the CIPA process in October 2021, including a detailed explanation of the Section 5 notice requirement.   See Dkt No. 54 at 10-15.[5]   And the Defendants were repeatedly advised, prior to the notice deadline, that the specific requests at issue involved classified information. See, e.g., Mot. to Quash Subpoenas, at 1 (Dkt. No. 152) (noting that the Defendants' "alternative request to confirm a lack of intercepted communications likewise would reveal information about sources, methods and the breadth of intelligence collection to savvy adversaries" and advising that CIPA was "the appropriate legal mechanisms by which classified information is handled in a criminal proceeding").

Because Defendants failed to comply with CIPA and did not file a timely notice of their intent to cause the disclosure of classified information, the Court should preclude the Defendants from asking questions about the scope, nature, or content of intelligence information

_____

[5] The government also notes that counsel for Grimes has previously engaged in CIPA practice in other national security-related cases, and is specifically familiar with CIPA procedures, including the requirements of CIPA Section 5.   For example, in United States v. Kim, No. 10-CR-225 (D.D.C.), counsel represented a defendant charged with unauthorized disclosure of national defense information and making material false statements.   The case involved substantial CIPA litigation, including the filing of a notice under Section 5 and a hearing under Section 6 of CIPA.

related to this case.   See Badia, 827 F.2d at 1464–66 (upholding preclusion of disclosure of classified information at trial because defendant failed to comply with notice requirements of CIPA Section 5); North, 708 F. Supp. at 395-96 (precluding use of classified information for failure to comply with Section 5); Smith, 780 F.2d at 1105 ("A criminal defendant must notify the United States and the court if he reasonably expects to disclose classified information during his trial or during any pretrial proceeding" and "is forbidden from disclosing any such information absent the giving of notice.").   The North and Badia decisions are particularly instructive.   In North, the defendant was represented by skilled counsel familiar with CIPA and the handling of classified information, and had been repeatedly advised of the Section 5 notice requirements.   In Badia, the defendants were twice advised by the government of the notice requirement and its deadline.

The same is true here.   Skilled counsel, familiar with CIPA, should not be permitted to disregard basic requirements such as adequate notice.   See Pappas, 94 F.3d at 799 (discussing methods of graymail, and explaining that CIPA "establishes procedures to minimize the risk of graymail").   In sum, the Court should preclude any attempts to elicit this sort of information because of counsel's failure to comply with CIPA.

III.     The Requested Information Is Not Admissible or Relevant to the Defense

The government does not believe any hearing is necessary, and that findings can be made based on written submissions, particularly since the Court has already held that there is no classified information in this case that is material or helpful to the defense.   See 18 U.S.C. App. 3, § 6(a).[6]   If the Court does order a hearing, the government respectfully requests it be given sufficient time to secure permission from the Attorney General to hold the hearing in camera.   Id.

_____

[6] The government's ex parte and classified submission provides further information related to the lack of admissibility or relevance.

12

A.    The Court Already Held That There is No Helpful or Material Classified
Information That Must Be Disclosed in Discovery

Evidence is relevant if it has "a tendency to make a fact more or less probable than

it would be without the evidence" and that fact is "of consequence in determining the action."

Fed. R. Evid. 401.   As an initial matter, this Court has already properly considered the classified

information at issue in this case pursuant to Section 4 of CIPA, and concluded that that it could be

withheld from the defendants because the information was not "helpful or material to the defense"

or "discoverable under Brady . . . Giglio . . . or Federal Rule of Criminal Procedure 16" and that

any potential discovery value was "outweighed by the potential danger to the national security that

might ensure after their disclosure."   CIPA 4 Order at 3.

Thus, as reflected in the Court's ruling, any truthful answer to questions about the

substance of classified information related to this case would not provide evidence that would be

helpful or material, and therefore any facts elicited by these questions is not relevant to the

Defendants' case.

B.    The Existence or Non-Existence of Records is Irrelevant

Answers to general questions about the existence or non-existence of intelligence

information about the Defendants is likewise irrelevant and inadmissible.

Assuming, arguendo, that records do exist, such a bare confirmation, out of context,

would be both highly prejudicial to the defendant and could potentially damage the national

security of the United States.   Testimony or a stipulation confirming the existence of classified

material after the Court has ordered that any such record may be withheld pursuant to CIPA

Section 4 could cause the jury to speculate as to the nature of any such record without giving the

defendant a meaningful opportunity to comment on the nature of the records.   Indeed, the

government assumes the defense would object to a stipulation stating simply that classified

13

materials relating to one or both Defendants exist.   At the same time, confirming the existence of classified records could damage national security by confirming intelligence sources and methods. See Yunis, 867 F.2d at 623.

Assuming, arguendo, that no records existed at those intelligence agencies, testimony or a stipulation about the lack of such records is likewise inadmissible.   While Grimes has previously argued that a lack of intercepted communications of Grimes would be "powerful evidence that Mr. Grimes neither knowingly, nor intentionally became a foreign agent," see Dkt. No. 144, his contention is pure speculation.   As the government has previously explained in response to the defendant's Rule 17 subpoena request, a lack of intercepted communications by U.S. intelligence agencies could also mean that Mr. Grimes' inculpatory communications simply were not intercepted.   Thus all that would be revealed is a potential gap in intelligence collection. Disclosure of an intelligence gap (if there were any) is not at all relevant to this case but could cause the jury to draw unsupported inferences and would be highly damaging to the national security of the United States.

Indeed, the substantial volume of inculpatory electronic communications by and about Grimes produced in unclassified discovery tends to make it more likely that any theoretical lack of classified interceptions would be the result of a gap in collection, rather than proof that Grimes was not engaged in criminal conduct.   Moreover, the defendant's claims about the lack of a particular type of electronic communications is an argument about law enforcement techniques— an area far outside the jury's concern.   See, e.g., United States v. Carton, No. 17-CR-680 (CM), 2018 WL 5818107, at *3 (S.D.N.Y. Oct. 19, 2018) ("[T]he failure to utilize some particular technique or techniques does not tend to show that a defendant is not guilty of the crime with which he has been charged.") (quoting United States v. Saldarriaga, 204 F.3d 50, 53 (2d Cir.

14

2000)).   Under the defendant's theory, if any particular agency lacked records about Grimes, and Grimes were permitted argue that the lack of such communications was evidence of innocence, the government would be forced to either silently accept this inaccurate characterization or call witnesses to explain why it was inaccurate through the disclosure of extremely sensitive sources, methods, and capabilities.   CIPA was designed to deal with this exact problem.   See Pappas, 94 F.3d at 799 (explaining that CIPA was designed to "minimize the problem of so-called graymail— a threat by the defendant to disclose classified information in the course of trial—by requiring a ruling on the admissibility of the classified information before trial.").

<u>CONCLUSION</u>

For the foregoing reasons, the Court should order the Defendants not to ask any questions intended to elicit information about the scope, nature, or substance of intelligence information held by members of the USIC.

Dated:       Brooklyn, New York
             September 7, 2022

                                        BREON PEACE
                                        United States Attorney
                                        Eastern District of New York

                    By:        /s/
                                        Ryan C. Harris
                                        Samuel P. Nitze
                                        Hiral D. Mehta
                                        Craig R. Heeren
                                        Assistant U.S. Attorneys
                                        (718) 254-7000

                                        MATTHEW G. OLSEN
                                        Assistant Attorney General
                                        Department of Justice
                                        National Security Division

                    By:        /s/
                                        Matthew J. McKenzie
                                        Trial Attorney

15