

*U.S. Department of Justice*

*United States Attorney*
*Eastern District of New York*

| | |
|---|---|
| RCH/SPN/HDM/CRH | *271 Cadman Plaza East* |
| F. #2018R01309 | *Brooklyn, New York 11201* |

September 9, 2022

By ECF

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. Thomas Joseph Barrack, et al.
      Criminal Docket No. 21-371 (S-1) (BMC)

Dear Judge Cogan:

   The government respectfully writes in opposition to defendant Thomas Barrack's motion in limine "to exclude prejudicial evidence and argument related to wealth, spending and lifestyle" filed on September 6, 2022. See Dkt. Nos. 190, 191. Specifically, Barrack seeks to preclude the government from introducing into evidence six exhibits – Government Exhibits 418, 461, 1009, 1010, 1011, and 1012 – on the basis that these exhibits have no relevance to the matters at issue in this case and are unduly prejudicial. As an initial matter, the government does not intend to offer Government Exhibits 418 or 461 into evidence in its case-in-chief at trial, and the Court can deny the motion in part as moot on that basis.[1] With respect to Government Exhibits 1009, 1010, 1011, and 1012, these exhibits are highly relevant to matters at issue in this case, are not being offered for an improper purpose, and are not unduly prejudicial to the defendant. As such, the Court should deny the motion with respect to those exhibits.

  I.  Legal Standard

   The Federal Rules of Evidence provide the framework for determining the admissibility of evidence. "As a general matter, all relevant evidence is admissible . . . unless specifically excluded." United States v. Perez, 387 F.3d 201, 209 (2d Cir. 2004) (citing Fed. R. Evid. 402). "[E]vidence is 'relevant' if it has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would

---

[1] The government encourages defense counsel to confer with the government as to particular exhibits (as the parties have done for several other issues) before filing motions to preclude, as on several occasions now the defense has moved to preclude exhibits that the government no longer intended to offer at trial in its case-in-chief. Prior conferral can help to avoid burdening the Court with needless motion practice.

be without the evidence.'" United States v. Abu-Jihaad, 630 F.3d 102, 132 (2d Cir. 2010) (quoting Fed. R. Evid. 401).  Relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of unfair prejudice.'" United States v. Bourne, No. 08 CR 888 (NGG), 2011 WL 4458846, at *13 (E.D.N.Y. Sept. 23, 2011) (quoting Fed. R. Evid. 403).

II.     Argument

Barrack seeks to exclude Government Exhibits 1009, 1010, 1011, and 1012 on the basis that there is "no legitimate purpose for offering this evidence," the evidence "has no bearing on whether [he] allegedly acted or conspired to act as an unregistered foreign agent," and the evidence instead "invites the jury to convict [him] based on improper emotional appeals and creates a substantial risk of class bias." Dkt. No. 190 at 1.  Barrack misses the mark on the relevance of Government Exhibits 1009, 1010, 1011, and 1012, which are not offered to establish his "wealth, spending, and lifestyle." Id.  The government addresses each of the exhibits in turn.

Government Exhibit 1009 is a ▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒ that Barrack owned in Santa Monica, California in 2016 and 2017, during the charged time period.[2]  The government anticipates that the evidence at trial will show that, in December 2016, Mr. Barrack held an event ▒▒▒▒▒▒▒▒▒▒▒▒ to which he invited several co-conspirators, including Rashid Al Malik and a member of the United Arab Emirates ("UAE") Supreme Council for National Security, as well as multiple members of the incoming Trump Administration, including the President-Elect and multiple Cabinet-level officials.  Government Exhibit 1009 is thus entirely relevant to provide context for other evidence establishing that Mr. Barrack invited a UAE operative and a UAE national security official to be in the same room as key leaders of the incoming Trump Administration, a highly valuable commodity to the UAE government.

Government Exhibit 1010 is a ▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒ that Barrack used continuously as part of the crimes charged in this case, including making multiple trips to meet with the highest leaders of the UAE government and its national security apparatus.  This ▒▒▒▒▒▒▒▒▒▒▒ and ▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒ (depicted in Government Exhibit 1010), are referenced in numerous communications amongst the defendants and their co-conspirators, including sometimes exclusively by ▒▒▒▒▒▒▒▒▒▒.  Government Exhibit 1010 is thus clearly relevant because it (1) depicts an instrumentality of the crime; (2) will assist the jury in understanding that when the defendants or documents exchanged by the defendants or their co-conspirators reference this series of numbers and letters, they are referring to ▒▒▒▒▒▒▒▒▒▒ that Barrack used to meet with UAE government officials; and (3) shows ▒▒▒▒▒▒▒▒▒ used by Barrack to travel to the New York City area (including the Eastern District of New York), as part of the charged scheme.

Government Exhibits 1011 and 1012 are ▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒ that Barrack rented during portions of the charged time period.  The government anticipates that the evidence at trial will establish that

---

[2] The government is enclosing an updated version of Government Exhibit 1009, which is what will be offered at trial.  The previous version of Government Exhibit 1009 depicted the ▒▒▒▒▒▒▒ after Mr. Barrack sold it and substantial renovations were made.

Barrack was at these locations during communications with his co-conspirators in furtherance of the conspiracy and will therefore be highly relevant for purposes of establishing venue in the Eastern District of New York.

The defense argues that Government Exhibits 1009, 1010, 1011, and 1012 should nonetheless be excluded on the grounds that they will be unfairly prejudicial, but it is hard to see how a ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (only one of which was even owned by Barrack) can seriously be considered unfairly prejudicial. There is no danger, much less a risk substantially outweighing the probative value of the exhibits, that these ▓▓▓▓▓▓▓ could cause "unfair prejudice" or "lure the factfinder into declaring guilty on a ground different from proof specific to the offense charged." Old Chief v. United States, 519 U.S. 172, 180 (1997). Given the extraordinarily serious charges that the defendants face in this case for acting at the direction of a foreign government to influence a presidential campaign, the United States government, and the American public, it is even more implausible to describe this evidence as "more inflammatory than the crime charged." United States v. Livoti, 196 F.3d 322, 326 (2d Cir. 1999).

The defense may argue that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ at issue in this case or of instrumentalities used to commit the charged offenses are not strictly necessary for the government to prove its case, but that is not the standard. As the Supreme Court has held, "the prosecution is entitled to prove its case by evidence of its own choice," and "a criminal defendant may not stipulate or admit his way out of the full evidentiary force of the case as the Government chooses to present it." Old Chief, 519 U.S. at 186. "Relevant evidence is not confined to that which directly establishes an element of the crime." United States v. Gonzalez, 110 F.3d 936, 941 (2d Cir. 1997). Evidence, such as ▓▓▓▓▓▓▓▓▓▓▓▓ "that adds context and dimension to the government's proof of the charges" is relevant and should be admitted. Id.

More broadly, in multiple recent filings, the defense has sought to exclude the government from introducing evidence that will allow the jury to understand (a) the nature of the government and government officials that were directing the defendants, see Dkt. No. 164, (b) the nature of the foreign policy issues that were discussed by the defendants and the UAE government in this case, see id., (c) the methods by which foreign governments conduct these types of foreign influence and intelligence gathering operations, see id., (d) the consequences of the defendants' conduct for national security, see Dkt. No. 195, or (e) the financial incentives that motivated the defendants to commit this conduct, see Dkt. No. 199. In a recent filing, the defense suggested that the evidence at issue in its flurry of motions should be excluded because the only issue that the defense intends to dispute at trial is their own motive or intent. See Dkt. No. 195 at 4-5 ("The struggle the government is going to have at trial is proving that Defendants agreed to be agents under the control of the UAE. The focus will not be on what Defendants did, but the reason that they took these actions. More specifically, the question is whether Defendants took those actions as part of their agreement to be agents of the UAE, under the UAE's direction and control, or whether they took those actions for reasons of their own. Higgins' proposed testimony will not help the jury answer that question.").

The defendants thus seek to prevent the jury from hearing or seeing – and thus from understanding – essential, readily provable aspects of the context in which the defendants' crimes

3

were committed and of the real-world significance of their conduct. The law provides no support for this effort to whitewash the defendants' actions and leave the jury ignorant of relevant context. "[A] defendant's Rule 403 objection offering to concede a point generally cannot prevail over the Government's choice to offer evidence showing guilt and all circumstances surrounding the offense." Old Chief, 519 U.S. at 186. The government has the burden of proving the defendants' guilt beyond a reasonable doubt, and, therefore, as the Supreme Court has explained, "the prosecution is entitled to prove its case by evidence of its own choice" and is permitted to offer items of "evidentiary richness and narrative integrity in presenting a case," even where a different piece of evidence "might go to the same point." Id. The defendants cannot narrow the scope of the government's case by "stipulat[ing] or admit[ting] [their] way out of [its] full evidentiary force." Old Chief, 519 U.S. at 186. Rather, the government is entitled to prove its case with evidence designed "not just to prove a fact but to establish its human significance, and so to implicate the law's moral underpinnings and a juror's obligation to sit in judgment." Id. at 187-88. Otherwise, "jurors asked to rest a momentous decision on the story's truth can feel put upon at being asked to take responsibility knowing that more could be said than they have heard." Id. at 190.

   III.   Conclusion

   For the reasons stated above, the government respectfully submits that Barrack's motion in limine to exclude purportedly prejudicial evidence and argument related to his wealth, spending, and lifestyle be dismissed as moot with respect to Government Exhibits 418 and 461, and denied with respect to Government Exhibits 1009, 1010, 1011, and 1012.

        Respectfully submitted,

        BREON PEACE
        United States Attorney

By:   /s/
        Ryan C. Harris
        Samuel P. Nitze
        Hiral D. Mehta
        Craig R. Heeren
        Assistant U.S. Attorneys
        (718) 254-7000

        MATTHEW G. OLSEN
        Assistant Attorney General
        Department of Justice
        National Security Division

By:   /s/
        Matthew J. McKenzie
        Trial Attorney

cc: Counsel for Thomas Joseph Barrack (by ECF)
     Counsel for Matthew Grimes (by ECF)
     Clerk of the Court (BMC) (by ECF)