```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
    UNITED STATES OF AMERICA,                               :
                                                            :   ORDER
                                                            :
                - against -                                 :   21-cr-371 (BMC)
                                                            :
                                                            :
                                                            :
    AL MALIK ALSHAHHI, et al.,                              :
                                                            :
                                Defendants.                 :
                                                            :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

This Order resolves three motions *in limine* [157/158, 164/165, 190/191], and defendants' motion to compel [185].

### I. Defendants' Motion to Exclude Evidence of Al Malik's Flight

Defendants' [157/158] motion *in limine* to exclude evidence pertaining to Rashid Sultan Rashid Al Malik Alshahhi's flight and absence from trial is denied as moot. The Government has represented that it does not intend to argue that Al Malik's flight is evidence of his guilt or defendants' guilt.

The Government intends to introduce U.S. Customs and Border Protection records reflecting Al Malik's travel into and out of the United States during the period alleged in the Indictment, which will include Al Malik's departure from the United States in April 2018. The Court will permit the Government to introduce such evidence as it is relevant and admissible to establish that Al Malik acted "in the United States" during the relevant time period as an alleged agent of the United Arab Emirates (the "UAE"). See 18 U.S.C. § 951(a). The Government may

also question defense witnesses about knowledge of Al Malik's travel – without inferences to his flight – on cross-examination.[1]

The Government requests that the Court exclude any evidence or argument by defendants comparing Al Malik's flight to their own actions. The Court denies this request in part. Defendants may present evidence of their good faith or lack of requisite criminal intent with respect to the fact that they have voluntarily participated in law enforcement interviews without reference to Al Malik's flight or non-participation. But defendants may not present evidence with respect to appearance at trial or before a grand jury. The latter category of evidence is irrelevant to defendants' purported good faith in volunteering or cooperating with law enforcement because appearance in these circumstances is required.

## II. Defendants' Motion to Exclude Expert Testimony

Defendants have moved to preclude [164/165] certain testimony from two of the Government's expert witnesses, Michael Higgins and Dr. Christopher Davidson.[2]

Federal Rule of Evidence Rule 702 permits testimony by an expert witness "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." The proponent of the expert testimony has the burden of establishing, by a preponderance of the evidence, that the testimony is competent, relevant, and reliable. See Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 592-93, 592 n.10 (1993). A court should make a "common sense inquiry into whether the untrained layman would be qualified to determine intelligently and to the best possible degree the particular issue without

---

[1] Of course, if defendants put Al Malik's flight at issue, the Government may introduce evidence and argument regarding his flight in rebuttal.

[2] Defendants also moved to exclude certain portions of a third expert witness's testimony, but as the Government has withdrawn these challenged portions, defendants' motion to exclude as to this witness is denied as moot.

enlightenment from those having a specialized understanding of the subject involved in the dispute." United States v. Locascio, 6 F.3d 924, 936 (2d Cir. 1993). Additionally, a court "must also assess whether the probative value of the expert evidence is 'substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.'" Kalyna v. City of N.Y., No. 16-cv-0273, 2018 WL 11361019, at *5 (E.D.N.Y. Sept. 11, 2018) (quoting Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 591 (1993)).

The Court denies defendants' motion to exclude Higgins' proposed expert testimony. The Government proffers Higgins' testimony to provide background about the existence, common objectives, and methods of foreign intelligence services, a subject that an "untrained layman would [not] be qualified to determine intelligently and to the best possible degree . . . without enlightenment" from an expert. See Locascio, 6 F.3d at 936. Testimony as to these issues is relevant because it relates directly to the conduct underlying the allegations that defendants acted or conspired to act as agents of a foreign power in violation of Section 951. Further, Higgins' testimony is not excludable as improper propensity evidence, as Higgins will not testify specifically about the conduct of the United Arab Emirates ("UAE"), the Kingdom of Saudi Arabi ("KSA") governments, or defendants' alleged involvement. Instead, Higgins' testimony will be offered as evidence of the common practices and operations of foreign intelligence services, which will be helpful to the jurors in understanding the evidence.

Defendants argue that Higgins' proposed testimony is irrelevant insofar as Higgins testifies as to the seriousness of the national security risks posed by their alleged conduct because defendants "will not argue to the jury that any violation of Section 951 should be ignored as insignificant." Although Higgins' testimony "does not directly establish an element of the offense charged," it is admissible "in order to provide background for the events alleged in the

3

indictment." United States v. Gonzalez, 110 F.3d 936, 941 (2d Cir. 1997). This "[b]ackground evidence [is admissible] to show . . . the circumstances surrounding the events or to furnish an explanation of the understanding or intent with which certain acts were performed." See id. Moreover, defendants still maintain that Grimes' behavior is not consistent with activities as a foreign agent. The Court will allow Higgins' expert testimony here to contextualize the Government's allegations as "the defense seeks to discredit the [G]overnment's version of events as improbable criminal behavior." United States v. Taylor, 18 F.3d 55, 59 (2d Cir. 1994).

The Court also preliminarily denies defendants' motion to exclude expert testimony offered by Davidson concerning the UAE and KSA, subject to the Government providing a sufficient factual foundation to show that coordination between the UAE and KSA is relevant to the charged conduct. Defendants are not charged as acting as agents of the KSA, and the Government must first adequately establish that the relationships between these nations is relevant to defendants' conduct in acting as an agent for the UAE. Moreover, the Government must establish a connection between Ali Al Shamsi and the alleged criminal conduct of the defendants before any testimony can be offered on his role within the UAE's intelligence apparatus.

Defendants argue that any probative value of Davidson's testimony is eclipsed by its prejudicial effect, taking particular issue with testimony related to "the declassification of a December 2002 report relating to the Terrorist Attacks of September 11, 2001" and reference to the UAE and KSA as "authoritarian" states.[3] With respect to testimony regarding the "Declassified Pages", the Government intends to prove that Barrack acted as an agent of the

---

[3] Defendants also took issue with any testimony from Davidson regarding the KSA's murder of journalist Jamal Khashoggi. The Government has expressed that it will not offer any testimony regarding Khashoggi, so this concern is mooted.

4

UAE in disclosing non-public information to Al Malik and other UAE government officials regarding the Declassified Pages. Davidson is expected to testify that the proposed release of the Declassified Pages was a significant foreign policy issue of concern to the UAE and the KSA. The probative value of this testimony is clear, as it provides context regarding the interests and motivations of the UAE in the release of the Declassified Pages. Moreover, the Government has represented that the jury will not hear that the UAE was involved in the terrorist attacks on 9/11 or that either defendant was acting as an agent of a country that assisted in those attacks – thereby substantially eliminating the brunt of this testimony's prejudicial effect. In addition, if requested, the Court will give a limiting instruction to that effect.

The probative value of Davidson's testimony regarding the "authoritarian" nature of the KSA and UAE regimes also outweighs any prejudicial effect. Davidson will explain – to lay jurors likely unfamiliar with the workings of these foreign governments – the "relative roles, powers, and responsibilities of key UAE officials with whom the [d]efendants directly interacted as part of the charged conduct", as well as the "significant power of [Mohamed bin Zayed Al Nahyan] and [Mohammed bin Salman Al Saud ("MBS")] in their respective countries and provide context for the exercise of that power." The Government has proffered that defendants acted as agents of the UAE in "further[ing] a UAE/KSA-aligned foreign policy strategy", including efforts to "promot[e] and elevat[e] MBS as a de facto head of state for the KSA." Davidson's testimony is relevant to explaining how defendants may have acted as agents of the UAE and the alleged interrelatedness of the UAE's and KSA's foreign policy interests.

In sum, Davidson's testimony – which will elucidate subjects that would be difficult to understand without expert assistance – is not bad acts testimony, and its probative value – assuming that the Government provides a factual predicate for establishing relevance – is not

5

outweighed by the risk of prejudice. The Court's *in limine* ruling is, of course, "subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the . . . proffer." Luce v. United States, 469 U.S. 38, 41 (1984).

### III. Barrack's Motion to Exclude Evidence of His Wealth and Lifestyle

Barrack has moved [190/191] to preclude the Government from offering evidence of, or argument about, his purported wealth, spending, and lifestyle. He seeks to preclude the Government from introducing into evidence four exhibits on this basis. His motion is granted.[4] The Government has overreached here and should not do it again.

There is little if any probative value in admitting these photographs and a high potential for unfair prejudice. Admitting generic photographs of three lavish properties does not provide any helpful context here. As Barrack notes, "[t]he jury will be familiar with the concept that people live in houses and sometimes throw parties at those houses, to which visitors are invited." Therefore, "[t]here is no need to parade in front of the jurors a photograph of [] Barrack's exact home." Further, the Government has alternative, less prejudicial means for establishing venue and the plane's connection to Barrack. See Old Chief v. United States, 519 U.S. 172, 186 (1997) ("If an alternative [form of evidence is] found to have substantially the same or greater probative value but a lower danger of unfair prejudice, sound judicial discretion would discount the value of the item first offered and exclude it if its discounted probative value were substantially outweighed by unfairly prejudicial risk.").

---

[4] In its Response, the Government stated that it did not intend to offer two of the six exhibits challenged by defendants on these grounds. Therefore, defendants' motion is denied as moot as to these two exhibits.

### IV. Defendants' Motion to Compel

Defendants' [185] motion to compel the Government to identify portions of exhibits is denied. The Government has clarified that it has already provided this information to defendants.

**SO ORDERED.**

                                                 *Digitally signed by Brian M. Cogan*
                                                                                               U.S.D.J.

Dated: Brooklyn, New York
         September 13, 2022