UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

              Plaintiff,

    v.

AL MALIK ALSHAHHI, et al.,

              Defendants.

Case No.:  1:21-cr-00371-BMC-TAM

---

**DEFENDANT THOMAS J. BARRACK, JR.'S MEMORANDUM OF LAW
IN OPPOSITION TO THE GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE
<u>EXPERT TESTIMONY OF DANIEL N. HOFFMAN</u>**

## <u>TABLE OF CONTENTS</u>

**Page**

**FACTUAL BACKGROUND**................................................................................................1

**LEGAL STANDARD** ...................................................................................................3

**ARGUMENT** ..............................................................................................................4

**CONCLUSION** ...........................................................................................................6

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*United States v. Finazzo*, 2013 WL 618425 (E.D.N.Y. Feb. 19, 2013)……………………………..5

*United States v. Gasparik*, 141 F. Supp. 2d 361 (S.D.N.Y. 2001)………………………………..4

*United States v. Mahaffy*, 2007 WL 1213738 (E.D.N.Y. Apr. 24, 2007)…………………………5

*United States v. Schneiderman*, 104 F. Supp. 405 (S.D. Cal. Apr. 23, 1952)…………………….4

*United States v. Tuzman*, 2017 WL 6527261 (S.D.N.Y. Dec. 18, 2017)…………………………6

*United States v. Valentin*, 2016 WL 1211304 (D. Conn. Mar. 25, 2016)…………………………6

*United States v. White*, 582 F.3d 787 (7th Cir. 2009)……………………………………………6

*United States v. Wilson*, 493 F. Supp. 2d 484 (E.D.N.Y. 2006)……………………………….3, 5

**RULES**

Federal Rule of Criminal Procedure 16(b)(1)(C)……………………………………………..*passim*

Federal Rule of Evidence 702………………………………………………………………….5

**SECONDARY SOURCES**

25 Moore's Federal Practice – Criminal § 616.05 (Matthew Bender 3d ed.)……………………..6

Several weeks before trial, Mr. Barrack informed the government that he may call Daniel Hoffman as an expert in its case-in-chief to rebut testimony from the government's expert on counterintelligence, Michael Higgins.  Mr. Barrack also disclosed Mr. Hoffman's background and credentials.



The government moves to preclude Mr. Barrack from presenting Mr. Hoffman's testimony, on the theory that the defense should have disclosed his testimony earlier and in more detail.  But Federal Rule of Criminal Procedure 16(b)(1)(C) does not require the disclosure that the government suggests.  This Court should admit the testimony of Mr. Hoffman.

**FACTUAL BACKGROUND**

Before trial, the government disclosed that it intended to present expert testimony from Mr. Michael Higgins on very broad topics (not limited to the United Arab Emirates) that unspecified foreign governments engage in regarding espionage and foreign influence.  In anticipation of that testimony, on September 2, 2022, Mr. Barrack disclosed that he may call a rebuttal expert to address areas similar to Mr. Higgins.  (Ex. A at 1-2.)  Mr. Barrack thus gave notice of his intent to

call Mr. Hoffman, Mr. Hoffman's credentials, and the general category of his testimony, nearly three weeks before trial.

The government did not respond to Mr. Barrack's disclosure, nor did it ask for any additional information about Mr. Hoffman or his expected testimony or attempt to meet and confer about his attempted testimony. Instead, on September 23, 2022, the government filed a motion to preclude Mr. Hoffman's testimony entirely, purportedly on the basis that the defense had not complied with Rule 16(b)(1)(C). *See* ECF Nos. 266, 277.

Mr. Barrack provided notice of Mr. Hoffman's anticipated testimony earlier today (September 26). As detailed in that disclosure, Mr. Barrack presently anticipates that Mr. Hoffman's testimony will cover: █████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

(Ex. B. at 2-3.)

The timing of Mr. Barrack's disclosure of the topics Mr. Hoffman expects to cover should not preclude Mr. Barrack from calling Mr. Hoffman as a rebuttal expert. The Court has not imposed a deadline for expert disclosures. Several weeks remain before Mr. Barrack and Mr. Grimes begin presenting their case-in-chief—which is plenty of time for the government to prepare

whatever it would like about Mr. Hoffman. And the government has not asked for any information about Mr. Hoffman's testimony since Mr. Barrack identified him on September 2. Earlier in this trial, the government sought to expand the scope of its own Rule 16 expert, Christopher Davidson, ***after he had already started his testimony***. Yet it now seeks to preclude Mr. Hoffman's testimony, weeks before he is likely to testify. The government's motion should be denied.

## LEGAL STANDARD

Federal Rule of Criminal Procedure 16(b)(1)(C) provides:

> Expert Witnesses. The defendant must, at the government's request, give to the government a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial, if—

> (i) the defendant requests disclosure under subdivision (a)(1)(G) and the government complies; or

> (ii) the defendant has given notice under Rule 12.2(b) of an intent to present expert testimony on the defendant's mental condition.

> This summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications[.]

The Rule provides no requirement as to the timing of the required disclosures, though "it is expected that the parties will make their requests and disclosures in a timely fashion." *United States v. Wilson*, 493 F. Supp. 2d 484, 487 (E.D.N.Y. 2006) (quoting Federal Rule of Criminal Procedure 16, Advisory Comm. Note to 1993 Amendments). The Rule also does not specifically address defense rebuttal experts.

## ARGUMENT

The government's argument is premised on the notion that "defendants have provided no written summary of any testimony that they intend to elicit from Mr. Hoffman under Rules 702, 703, or 705 of the Federal Rules of Evidence, nor any summary that describes Mr. Hoffman's opinions or the bases and reasons for those opinions, as required by Rule 16(b)(1)(C)." Letter 2. As noted above, Mr. Barrack has now provided that notice; Rule 16 does not mandate a particular timing to those disclosures; and the timing of Mr. Barrack's disclosure afford the government ample time to prepare before Mr. Hoffman testifies in several weeks.

Additionally, rebuttal evidence is not subject to the same disclosure requirements as evidence that a party intends to use in its case-in-chief. The general purpose of Rule 16's disclosure requirement—which, as the government notes, is to reduce the need for continuances and provide the opponent with a fair opportunity to test the merits of the expert's testimony through focused cross-examination, *see* Letter 2—are less apposite to rebuttal evidence, which merely addresses evidence that is already part of the trial. And "avoidance of pitfalls in . . . rebuttal is not an end which pre-trial discovery is purposed to further." *United States v. Schneiderman*, 104 F. Supp. 405, 410 (S.D. Cal. Apr. 23, 1952). For this reason, courts have been more forgiving about the timing of disclosures for rebuttal witnesses. In *United States v. Gasparik*, 141 F. Supp. 2d 361 (S.D.N.Y. 2001), for example, the court precluded a government witness from testifying in the government's direct case when that witness was not identified on the government's witness list. But it simultaneously noted that the witness could testify as a rebuttal witness because "rebuttal witnesses cannot always be anticipated as much depends on what is introduced in the defense case" and thus, the government's failure to identify this witness on its witness list "does not warrant his preclusion in rebuttal." *Id.* at 368.

The cases the government cites in support of its motion *in limine* are far afield from this one. *Wilson* precluded the testimony of a defense witness—not a rebuttal witness. 493 F. Supp. 2d at 485. And unlike the government here, the government in *Wilson* made "repeated requests" for a written summary of the expert's testimony. *Id.* at 486. Further, unlike this case where no deadline has been imposed, the court in *Wilson* had imposed a deadline for such disclosures. *Id.* at 487. And the witness in *Wilson*, unlike the witness here, "made no attempt at all to describe 'the bases and reasons for [his] opinions' as required by Fed. R. Crim. P. 16(b)(1)(C)." *Wilson*, F. Supp. 2d at 487. Mr. Barrack has now supplemented his disclosures for Mr. Hoffman, making *Wilson* even less apposite to this case.

Similarly, the court in *United States v. Mahaffy*, 2007 WL 1213738 (E.D.N.Y. Apr. 24, 2007), precluded testimony from a defense expert where the defendants disclosed the name of an expert witness after the court-imposed deadline for such disclosures. *Id.* at *3. And the court noted that the proposed testimony should be excluded because it would not provide the "scientific, technical, or other specialized knowledge [which] will assist the trier of fact to understand the evidence or determine a fact in issue." *Id.* (citing Fed. R. Evid. 702). Neither ground for preclusion pertains here.

In *United States v. Finazzo*, 2013 WL 618425 (E.D.N.Y. Feb. 19, 2013), the court addressed a defendant's arguments that Rule 16 did not require any disclosure by the defense. *Id.* at *1. As the court explained, that proposed interpretation of the Rule was inconsistent with its text, and requiring defense disclosures presents no constitutional problems. *Id.* at *2-4. The defense raises no such arguments here; it simply contends that it has satisfied Rule 16's requirements.

The relief requested by the government (exclusion of Mr. Hoffman's rebuttal testimony) is

also entirely inappropriate. *See United States v. Tuzman*, 2017 WL 6527261, at *12 (S.D.N.Y. Dec. 18, 2017) ("Because the Government has not shown that [the defendant's] deficient disclosures prevented it from conducting an appropriate cross-examination of [the expert], this Court will not preclude [the expert's] testimony based on [the defendant's] violation of Rule 16."). The government has not pointed to any prejudice from the timing of Mr. Barrack's disclosures, and Mr. Hoffman's testimony is hardly so technical as to require significant preparation time from the government to address. *See United States v. Valentin*, 2016 WL 1211304, at *3 (D. Conn. Mar. 25, 2016) (finding exclusion was not the appropriate remedy for late disclosure of expert witnesses where the testimony did not concern highly scientific or technical knowledge); *see also* 25 Moore's Federal Practice – Criminal § 616.05 (Matthew Bender 3d ed.) (Rule 16 "is silent as to the timing of discovery, and courts have upheld disclosure even at relatively late stages of the proceedings leading up to trial, as long as there was no significant prejudice to the other party" (citing, inter alia, *United States v. White*, 582 F.3d 787, 804-05 (7th Cir. 2009))).

## CONCLUSION

For the reasons above, the government's motion to preclude Mr. Hoffman's rebuttal testimony should be denied.

Dated:   New York, New York
         September 26, 2022

**WILLKIE FARR & GALLAGHER LLP**

By:  /s/ Michael S. Schachter
     Michael S. Schachter
     Randall W. Jackson
     Casey Donnelly
     Steven Ballew
     Jordan Reisch
     787 Seventh Avenue
     New York, New York 10019
     Phone:  (212) 728-8000
     Email:  mschachter@willkie.com

**O'MELVENY & MYERS LLP**

     James A. Bowman (admitted *pro hac vice*)
     400 South Hope Street, 18th Floor
     Los Angeles, CA 90071
     Telephone:  (213) 430-6000
     Facsimile:  (213) 430-6407
     E-mail:  jbowman@omm.com

*Attorneys for Defendant Thomas J. Barrack, Jr.*