UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
:
UNITED STATES OF AMERICA,            :
                                     :   **ORDER**
                                     :
        - against -                  :   21-cr-371 (BMC)
                                     :
                                     :
AL MALIK ALSHAHHI, *et al.*,         :
                                     :
                       Defendants.   :
                                     :
----------------------------------------------------------- X

**COGAN**, District Judge.

The Government's [316] request to admit GX 1022 is denied. The limited probative value of this evidence is substantially outweighed by the prejudicial impact of misleading the jury. See Fed. R. Evid. 403.

The Government argues that GX 1022 provides "essential context" for showing that Grimes knew that the Office of the Special Counsel had issued a grand jury subpoena to Grimes at the time of Grimes's text exchange with Al Malik at 11:42 AM PST on March 5, 2018.[1] But GX 1022 is not probative of Grimes's state of mind at the time of this text exchange. The email from the Special Counsel's Office to Grimes's counsel reflected in GX 1022 was sent on March 6, 2018. This email thus could not have informed Grimes or his counsel of the subpoenas before Grimes's text exchange with Al Malik, one day earlier.[2]

---

[1] In the March 5, 2018 text exchange, Grimes writes to Al Malik, "Let me know when to call. Very very bad. With Tom will explain soon."

[2] The Government acknowledges that "[o]n March 5th, the day of the [text exchange with Al Malik] no subpoena was sent yet. [Grimes] . . . had not received it."

In her email, the representative from the Special Counsel's Office indicates that she discussed the subpoenas with Grimes's counsel on March 5, 2018. But the Government has represented that it is "not offering any statements in the subpoena for their truth, but for the fact that it was sent on March 6, 2018 and that it contained certain names that caused Grimes concern" – so the probative value of the evidence is not increased by the Special Counsel's Office's statement.

The Government also argues that GX 1022 is relevant to Grimes's state of mind in texting Al Malik questions about certain UAE officials on or after March 6, 2018. But GX 1022 does not reflect any communication with Grimes, and therefore the probative value of GX 1022 in showing what Grimes knew about the subpoenas and when he knew it is limited. GX 1022 is only relevant to Grimes's state of mind if the information contained in the attached subpoenas were communicated to Grimes in some other way – for example, by Barrack or Grimes's counsel – but the Government has not proffered evidence demonstrating when Grimes knew about the full details of the subpoenas.[3]

GX 1022 presents a substantial risk of misleading the jury as to what Grimes knew about the grand jury subpoenas and when. In particular, admitting the evidence would invite the jury to conclude that Grimes knew the full details of the subpoenas at the time of his March 5, 2018 text exchange with Al Malik – but this inference is simply not supported by GX 1022 or other proffered evidence before the Court.

---

[3] In his grand jury testimony, Grimes was shown a subpoena – which from the context of his testimony appears to be the subpoena requiring Grimes to testify and not the document subpoenas also attached to GX 1022 – and testified that it was the subpoena that he received. But Grimes did not specify when he received the subpoena. Moreover, the Government has already suggested that "there's going to be no evidence that's going to definitively establish" the timing of when Grimes learned of the subpoenas from Barrack.

Because the limited probative value of GX 1022 is substantially outweighed by the prejudicial impact of misleading the jury, the Government's request to admit this exhibit is denied. The Government remains free, however, to introduce other admissible evidence to show Grimes's state of mind regarding the subpoena(s) – including Grimes's grand jury testimony.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
       October 16, 2022