**WILLKIE FARR & GALLAGHER** LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

November 1, 2022

**VIA ECF**

The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re: United States v. Thomas Barrack, et al., 1:21-cr-371 (BMC) (S-1)**

Dear Judge Cogan:

Defendants respectfully submit this letter seeking a curative instruction regarding the repeated reference in both Mr. Harris's and Mr. Nitze's closing addresses to the supposed "fact" that emails, text messages and phone calls sent or made from *Manhattan* "travel through the waters" surrounding Manhattan and thus, that venue is satisfied on Counts One and Two. There is absolutely *no evidence* in the record to establish that emails, text messages and/or phone calls made in Manhattan "travel though the waters" surrounding Manhattan. It was deeply improper for the Government to cite to this purported "fact" since it is not part of the evidentiary record, and even more improper for the Government to suggest to the jury that this "fact" could serve as the basis for finding venue on Counts One and Two.[1] *United States v. Smith*, 778 F.2d 925, 929 (2d Cir. 1985) (improper to misstate evidence or refer to facts not in evidence during summation).

The inclusion of this "fact" in both Mr. Harris's and Mr. Nitze's closing addresses was not an "oversight." The Government is *well aware* that it failed to introduce any evidence regarding how emails, text messages and/or phone calls sent or made in Manhattan "travel through the waters" surrounding Manhattan. Indeed, *two days ago*, on October 30, 2022, Mr. Barrack wrote a brief to the Court, pointing out that the Government had failed to introduce any evidence to sustain this claim. *See* Dkt. 381 at page 2. Then, just *yesterday*, having been alerted by Defendants to this gaping hole in the record, the Government tried to call an expert witness as part of its "rebuttal" case, who presumably was going to say something about how text messages and/or phone calls travel. But, because the Court pointed out that such an expert would not be "rebutting" anything in the Defendants' case, the Government was unable to put this evidence in front of the jury. Given this sequence of events, there can be no doubt that Mr. Harris and Mr. Nitze knew that they were acting improperly when they both squarely and unambiguously told the jury that they could find venue for Counts One and Two because emails, text messages and phones calls sent and made in Manhattan "travel through the waters" surrounding Manhattan.

---

[1] Mr. Jackson objected to the Government when it made this statement during its closing argument.

Given how fiercely both Defendants are contesting venue in this case, the Government's conduct was both a significant error and the cause of meaningful prejudice to Defendants. As the Second Circuit has explained, "it is improper for a government prosecutor" to 'rel[y] on matters outside the record of evidence presented to the jury'" because "it says to the jury that the prosecutor, as a disinterested and objective officer of the government of the United States" has made a determination of the fact in question. *See United States v. Spinelli*, 551 F.3d 159, 168 (2d Cir. 2008); *see also United States v. Kojayan*, 8 F.3d 1315, 1321 (9th Cir. 1993) ("When a lawyer asserts that something not in the record is true, he is, in effect, testifying. He is telling the jury: 'Look, I know a lot more about this case than you, so believe me when I tell you X is a fact.' This is definitely improper."); *United States v. Sanchez-Soto*, 617 F. App'x 695, 697 (9th Cir. 2015) (reversing conviction where prosecutor based closing argument on evidence not in the record) (citing *United States v. Gray*, 876 F.2d 1411, 1417 (9th Cir.1989)).

Accordingly, and to help mitigate this prejudice, Defendants now seek a curative instruction. Defendants respectfully request that the Court give the following instruction to the jury tomorrow morning:

> Yesterday, during closing arguments, the Government stated several times that emails, text messages and phone calls made in Manhattan "travel through the waters" surrounding Manhattan and that you, the jury, could find that the Government's burden to prove venue was satisfied through that fact. I instruct you that there was no evidence introduced in this case regarding how emails, text messages and phone calls sent or made in Manhattan "travel" and you should disregard the statements made by the Government regarding any "travel through the waters" surrounding Manhattan. As for what the Government needs to prove to establish venue for Counts One and Two, you should be guided only by my instructions, which I will give you later this morning, and you should disregard what the prosecutors said about what does or does not satisfy the Government's obligation to prove that venue in this district is appropriate.

Respectfully Submitted,

| | |
|---|---|
| WILLKIE FARR & GALLAGHER LLP | WINSTON & STRAWN LLP |
| /s/ Michael S. Schachter | /s/ *Abbe David Lowell* |
| Michael S. Schachter | Abbe David Lowell |
| Randall W. Jackson | Christopher D. Man |
| Steven J. Ballew | Sofia R. Arguello |
| | Johanna Rae Hudgens |
| O'MELVENY & MYERS LLP | |
| | *Counsel for Defendant* |
| | *Matthew Grimes* |
| James A. Bowman | |
| *Counsel for Defendant* | |

*Thomas J. Barrack*, *Jr.*

Cc (via ECF):
Hiral D. Mehta
Ryan C. Harris
Samuel P. Nitze
Craig R. Heeren
Matthew John McKenzie